**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

SANJUANA QUIROZ, Individually and on
Behalf of All Others Similarly Situated,

    Plaintiff,

v.                                                          No. 2:21-cv-01197 MIS/KRS

DCT ENTERPRISES OF NEW MEXICO, LLC,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiff's Motion for Default Judgment ("Motion"), ECF No. 9, and Brief in Support of Motion for Default Judgment, ECF No. 10. Defendant has not answered or otherwise responded to Plaintiff's Complaint, ECF No. 1, or Plaintiff's Motion, ECF No. 9. Having considered the Plaintiff's submissions, the record, and the relevant law, the Court will deny the Motion without prejudice for the reasons discussed below.

## BACKGROUND

This case arises out of alleged Fair Labor Standards Act ("FLSA") violations, including failure to pay minimum wage and underpayment of overtime. *See generally* ECF No. 1. In her Complaint, Plaintiff alleges that Defendant owns and operates several Papa John's franchises in New Mexico, and that it was subject to the FLSA for the three calendar years preceding the filing of her Complaint. *Id.* at 2. Plaintiff further alleges that she was employed by Defendant for those three years as a delivery driver, paid hourly, from around January 2017 until April 2019. *Id.* at 3.

Plaintiff alleges she was paid less than minimum wage per hour for her time spent making deliveries, in part due to Defendant's requiring her to pay her own delivery-related work expenses, including automobile costs and depreciation, gasoline expenses, insurance, cell phone costs, and automobile maintenance and parts. *Id.* at 5. Plaintiff further alleges that she occasionally worked more than 40 hours in a week, and that she did not receive adequate overtime compensation for these additional hours. *Id.* at 7. Plaintiff filed her Complaint on December 17, 2021, asking for minimum wages for all her hours worked, overtime premiums for all hours worked in excess of forty in a week, liquidated damages, and attorney's fees and costs. *Id.* at 8. Plaintiff's Complaint also sought to certify a collective action under FLSA, *id.* at 8, but she has not filed a motion to certify and now asks only for individual damages, ECF Nos. 9, 10.

Plaintiff's process server personally served manager Jeremy Roths on January 12, 2022. ECF No. 3 at 2. Plaintiff filed a motion for a Clerk's entry of default pursuant to Federal Rule of Civil Procedure ("Rule") 55(a) on May 16, 2022, which was granted on June 14, 2022. ECF Nos. 5, 6. Plaintiff now asks the Court to enter default judgment against Defendant pursuant to Rule 55(b), find that Defendant violated the provisions of the FLSA as alleged in Plaintiff's Complaint, award $11,392.00 to Plaintiff for back wages and liquidated damages owed, and award Plaintiff's counsel $3,394.72 for attorney's fees and costs. *See* ECF Nos. 9, 10.

**LEGAL STANDARD**

The Federal Rules of Civil Procedure define a two-step process for the entry of default judgment. First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . the clerk must enter the party's default."

Fed. R. Civ. P. 55(a). Second, the plaintiff must request an entry of default judgment. Fed. R. Civ. P. 55(b). If the plaintiff's claim is for "a sum certain or a sum that can be made certain by computation" and the defendant is neither a minor nor incompetent, default judgment may be entered by the clerk. Fed. R. Civ. P. 55(b)(1). In all other instances, default judgment must be entered by the Court. Fed. R. Civ. P. 55(b)(2).

At this second stage, following the clerk's entry of default, the Court takes as true "all factual allegations in the complaint, except those pertaining to the amount of damages." *Archer v. Eiland*, 64 F. App'x 676, 679 (10th Cir. 2003); *see also* Fed R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). The Court may conduct a hearing to determine the amount of damages. Fed. R. Civ. P. 55(b)(2)(B). However, the Court may enter default judgment without a hearing "if the amount claimed is a liquidated sum or one capable of mathematical calculation." *Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 148 (10th Cir. 1985).

A corporation may be served in a judicial district of the United States, "by delivering a copy of the summons and of the complaint to an officer . . . or any other agent authorized by appointment or by law to receive service of process," and if required by statute, "also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1)(B). Service may also be made by following state law for service of process in the state where the district court is located or where service is made. Fed. R. Civ. P. 4 (e)(1), (h)(1)(A).

## DISCUSSION

Here, Plaintiff alleges that Defendant's registered agent for service of process is Charles V. Campbell, at 110 Coors Northwest, Albuquerque, New Mexico 87120. ECF

No. 1 at 2. Plaintiff's process server nonetheless served Jeremy Roths at that address on January 12, 2022, whom the server states was designated by law to accept service of process on behalf of Defendant. ECF No. 3 at 2. Plaintiff's process server indicates that "THE DOCUMENT WAS ACCEPTED BY JEREMY ROTHS, MANAGER," *id.*, but nowhere in Plaintiff's Complaint does she mention Mr. Roths, let alone allege he is a qualifying officer of the corporation or other agent authorized to receive service, *see generally* ECF No. 1. In the instant briefing, she merely refers to Mr. Roths as a "manager for Defendant." ECF No. 10 at 2.

New Mexico state law, unlike the Federal Rules of Civil Procedure, does allow for service of process to be made "to the person in charge" at the "place of business during regular business hours," but only if the officer or agent refuses service or is otherwise unavailable. NMRA 1-004(G)(2). Here, the Court is unable to determine whether Mr. Roths has any qualifying role in managing Defendant, or whether he is merely a "manager" in the sense of being the "shift-lead," or the most senior employee then on-site. Plaintiff has not submitted an affidavit from her process server indicating her compliance with the state law for service of process, or otherwise indicating her compliance with the Federal Rules of Civil Procedure. *See generally* ECF Nos. 5, 9, 10. Indeed, the proof of service filed indicates that Plaintiff's process server attempted service only once. ECF No. 3 at 2. The Court will therefore **DENY** Plaintiff's Motion without prejudice and order Plaintiff to show cause by **February 28, 2023**, as to why the case should not be dismissed for failure to timely serve Defendant in compliance with Rule 4(m).

## CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Default Judgment, ECF No. 9, is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff shall show cause by **February 28, 2023**, as to why the case should not be dismissed for failure to timely serve Defendant.

**IT IS SO ORDERED.**

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE