IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO
LAS CRUCES DIVISION

**SANJUANA QUIROZ, Individually and on**     **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.     No. 2:21-cv-1197-MIS-DLM

**DCT ENTERPRISES OF NEW MEXICO, LLC**     **DEFENDANT**

## RESPONSE TO ORDER TO SHOW CAUSE, ECF NO. 12

Plaintiff Sanjuana Quiroz ("Plaintiff"), by and through her attorney Josh Sanford of Sanford Law Firm, PLLC, and for her Response to Show Cause Order, ECF No. 12, does hereby state and allege as follows:

1. Plaintiff filed her Complaint against Defendant DCT Enterprises of New Mexico, LLC, on December 17, 2021, attaching a Summons for service on Defendant. *See* ECF No. 1.

2. On January 20, 2022, Plaintiff filed the Return of Summons which had been returned executed by a private process server. *See* ECF No. 3.

3. The process server delivered the Summons to manager Jeremy Roths, on behalf of Defendant. *See id*.

4. On May 16, 2022, Plaintiff sought the Clerk's Entry of Default against Defendant, citing Defendant's lack of any response to Plaintiff's Complaint. *See* ECF No.

5. The Clerk entered default against Defendant pursuant to Rule 55(a) on June 14, 2022. *See* ECF No. 6.

Page 1 of 4
Sanjuana Quiroz, et al. v. DCT Enterprises of New Mexico, LLC
U.S.D.C. (D. N. Mexico) No. 2:21-cv-1197-MIS-DLM
Response to Order to Show Cause, ECF No. 12

6. On August 22, 2022, Plaintiff filed a Motion for Default Judgment, seeking recovery against Defendant consistent with the allegations in the Complaint. *See* ECF No. 9.

7. On February 3, 2023, this Court entered an Order denying Plaintiff's Motion due to insufficient evidence and pleading of Jeremy Roths' ability to accept service on behalf of Defendant. *See* ECF No. 12. The Court further ordered Plaintiff to show cause why the case should not be dismissed for failure to prosecute on account of a failure to timely serve Defendant consistent with the requirements of the Federal Rules of Civil Procedure. *See id.*

8. F.R.C.P. 4(e)(1) allows service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."

9. Under NMRA 1-004(G)(1), "[s]ervice may be made upon… a domestic or foreign corporation, a limited liability company or an equivalent business entity by serving a copy of the process to an officer, a managing or a general agent or to any other agent authorized by appointment, by law or by this rule to receive service of process."

10. Further, Section 1-004(G)(2) of the NMRA provides that, if none of the previously listed individuals are available, "service may be made by delivering a copy of the process or other papers to be served at the principal office or place of business during regular business hours to the person in charge."

11. Under both Sections 1-004(G)(1) and (2), proper service was made upon DCT Enterprises of New Mexico, LLC in January of last year.

Page 2 of 4
Sanjuana Quiroz, et al. v. DCT Enterprises of New Mexico, LLC
U.S.D.C. (D. N. Mexico) No. 2:21-cv-1197-MIS-DLM
Response to Order to Show Cause, ECF No. 12

12. In support of this Motion, Plaintiff provides the Declaration of Juan Rivera, attached hereto as Exhibit 1. Juan Rivera ("Rivera") was the process server tasked with serving Defendant with the summons issued by the Court.

13. The address listed for the Defendant's registered agent, Charles V. Campbell, on the New Mexico Secretary of State's website is "110 Coors NW, Albuquerque, NM 87120."

14. On January 12, 2022, Rivera arrived at the establishment of Defendant during its regular business hours, finding it to be an active and operational Papa John's pizza restaurant location.

15. Upon entering Defendant's establishment, Rivera specifically asked for Defendant's registered agent, Charles V. Campbell, and was informed that Mr. Campbell was unavailable because he was not present.

16. Rivera then asked if there was any other officer present and available to accept service.

17. Mr. Jeremy Roths was identified as the manager and person in charge of the establishment at that time.

18. Relying on the above identification, and pursuant to Section 1-004(G)(2) of the NMRA, Mr. Rivera proceeded to serve the summons and Complaint on Jeremy Roths. See *Montano v. Moving Express & Storage, Inc.*, No. A-1-CA-39179, 2022 N.M. App. Unpub. LEXIS 429, *5 (N.M. Ct. App. Nov. 30, 2022)(Finding that service was proper under Section 1-004(G) when process server attempted to serve agent authorized by appointment of business at designated office but, upon such a person being unavailable, served an employee apparently in charge of Defendant's office).

Page 3 of 4
Sanjuana Quiroz, et al. v. DCT Enterprises of New Mexico, LLC
U.S.D.C. (D. N. Mexico) No. 2:21-cv-1197-MIS-DLM
Response to Order to Show Cause, ECF No. 12

19. Given Mr. Riveria's arrival during regular business hours, Mr. Campbell's unavailability, and Mr. Roth's position as person in charge, the service upon Mr. Jeremy Roth on January 12, 2022, was sufficient under Section 1-004(G)(2) of the NMRA.

WHEREFORE, premises considered, Plaintiff respectfully prays that this Court grant Plaintiff's August 22, 2023 Motion for Default Judgement against Defendant DCT Enterprises of New Mexico, LLC.

    Respectfully submitted,

    **PLAINTIFF SANJUANA QUIROZ**

    SANFORD LAW FIRM, PLLC
    Kirkpatrick Plaza
    10800 Financial Centre Pkwy, Suite 510
    Little Rock, Arkansas 72211
    Telephone: (800) 615-4946
    Facsimile: (888) 787-2040

    */s/ Josh Sanford*
    Josh Sanford
    Ark. Bar No. 2001037
    josh@sanfordlawfirm.com

Page 4 of 4
Sanjuana Quiroz, et al. v. DCT Enterprises of New Mexico, LLC
U.S.D.C. (D. N. Mexico) No. 2:21-cv-1197-MIS-DLM
Response to Order to Show Cause, ECF No. 12