IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO
LAS CRUCES DIVISION

**SANJUANA QUIROZ, Individually and on**     **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.     No. 2:21-cv-1197-KRS-DLM

**DCT ENTERPRISES OF NEW MEXICO, LLC**     **DEFENDANT**

## SECOND MOTION FOR DEFAULT JUDGMENT

Plaintiff Sanjuana Quiroz ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her attorney Josh Sanford of Sanford Law Firm, PLLC, and for her Second Motion for Default Judgment ("Motion"), does hereby state and allege as follows:

1. By this Motion, Plaintiff seeks a default judgment against Defendant DCT Enterprises of New Mexico, LLC, ("Defendant") in the amount of $10,096.00 plus an equal amount as liquidated damages or a total of $20,192.00. *See* Declaration of Sanjuana Quiroz, attached hereto as Exhibit 1.

2. Plaintiff seeks a default judgment against Defendant in the amount of $8,892.26 for attorneys' fees and costs. *See* Declaration of Josh Sanford, attached hereto as Exhibit 3.

3. Plaintiff filed her Original Complaint—Collective Action against Defendant, on December 17, 2021, attaching a Summons for service on Defendant. ECF No. 1.

4. Plaintiff hired a process server, Mr. Juan Rivera ("Rivera"), to serve Defendant with the Complaint and Summons. *See* ECF Nos. 10, 18.

5.      F.R.C.P. 4(e)(1) allows service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."

6.      Under NMRA 1-004(G)(1), "[s]ervice may be made upon… a domestic or foreign corporation, a limited liability company or an equivalent business entity by serving a copy of the process to an officer, a managing or a general agent or to any other agent authorized by appointment, by law or by this rule to receive service of process."

7.      Further, Section 1-004(G)(2) of the NMRA provides that, if none of the previously listed individuals are available, "service may be made by delivering a copy of the process or other papers to be served at the principal office or place of business during regular business hours to the person in charge."

8.      The address listed for the Defendant's registered agent, Charles V. Campbell, on the New Mexico Secretary of State's website is "110 Coors NW, Albuquerque, NM 87120."

9.      On January 12, 2022, Rivera arrived at the establishment of Defendant during its regular business hours, finding it to be an active and operational Papa John's pizza restaurant location.

10.     Upon entering Defendant's establishment, Rivera specifically asked for Defendant's registered agent, Charles V. Campbell, and was informed that Mr. Campbell was unavailable because he was not present.

11.     Rivera then asked if there was any other officer present and available to accept service.

12. Mr. Jeremy Roths was identified as the manager and person in charge of the establishment at that time.

13. Relying on the above identification, and pursuant to Section 1-004(G)(2) of the NMRA, Mr. Rivera proceeded to serve the summons and Complaint on Jeremy Roths. *See Montano v. Moving Express & Storage, Inc*., No. A-1-CA-39179, 2022 N.M. App. Unpub. LEXIS 429, *5 (N.M. Ct. App. Nov. 30, 2022)(Finding that service was proper under Section 1-004(G) when process server attempted to serve agent authorized by appointment of business at designated office but, upon such a person being unavailable, served an employee apparently in charge of Defendant's office).

14. Given Mr. Rivera's arrival during regular business hours, Mr. Campbell's unavailability, and Mr. Roth's position as person in charge, the service upon Defendant on January 12, 2022, was a proper service under both Sections 1-004(G)(1) and (2) of the NMRA.

15. On January 20, 2022, Plaintiff filed the Return of Summons which had been returned executed by Mr. Rivera. ECF No. 3.

16. On May 16, 2022, Plaintiff sought the Clerk's Entry of Default against Defendant, citing Defendant's lack of any response to Plaintiff's Complaint. ECF No. 5.

17. The Clerk entered default against Defendant pursuant to Rule 55(a) on June 14, 2022. ECF No. 6.

18. On August 22, 2022, Plaintiff filed a Motion for Default Judgment, seeking recovery against Defendant consistent with the allegations in the Complaint. ECF No. 9.

19. On February 3, 2023, this Court entered an Order denying Plaintiff's Motion due to insufficient evidence and pleading of Jeremy Roths' ability to accept service on

behalf of Defendant. ECF No. 12. The Court further ordered Plaintiff to show cause why the case should not be dismissed for failure to prosecute on account of a failure to timely serve Defendant consistent with the requirements of the Federal Rules of Civil Procedure. *Id.*

20. On April 27, 2023, Plaintiff filed her Response to the Show Cause Order ECF No. 18. In support of her Response, Plaintiff provided the Declaration of Juan Rivera ECF No. 18-1.

21. On May 5, 2023, this Court entered an Order quashing its Order to Show Cause. ECF No. 19.

22. Defendant's deadline for filing and serving an Answer or Motion to Dismiss was February 2, 2022, and no other time limit was fixed by this Court.

23. Defendant has not filed or served an Answer or Motion to Dismiss in accordance with Fed. R. Civ. P. 12(a)(1).

24. No extension for filing or serving a proper Answer or Motion to Dismiss has been requested or granted. ECF No. 5, Sanford Decl. Ex. 1 at ¶¶ 4–5.

25. Defendant is a limited liability company and not an individual in military service, so 50 U.S.C. § 3931 is no bar to entry of a default judgment against Defendant. ECF No. 1, at ¶¶ 9, 10.

26. Plaintiff is entitled to Judgment by default against Defendant based on the claims set forth in her Complaint, which allege:

    a. Defendant is a foreign, limited liability company that owns and operates Papa John's franchises in New Mexico. ECF No. 1, at ¶¶ 9, 12.

    b. Defendant is a business subject to the FLSA because its annual gross volume of sales made or business done is at least $500,000.00, and it has at least two employees who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce. *Id.* at ¶¶ 13–14.

    c. Plaintiff worked for Defendant as a Delivery Driver from January 2017 until April 2019. *Id.* at ¶ 16.

    d. Defendant determined the hours worked by Plaintiff, the manner in which she performed her job duties, and Plaintiff's schedule. *Id.* at ¶ 18.

    e. Plaintiff's primary duty in the Delivery Driver role was to deliver food to Defendant's customers. *Id.* at ¶ 26.

    f. Defendant classified Plaintiff as nonexempt from the overtime provisions of the FLSA. ECF No. 1, at ¶ 20.

    g. Defendant paid Plaintiff less than minimum wage per hour for all hours worked outside of the restaurant making deliveries requiring Plaintiff to incur and pay job-related expenses resulting in unreasonable underestimation of reimbursement expense. *Id.* at ¶ 24–40.

    h. Defendant charged customers a delivery fee separate from the food charge that was not paid to the driver per the Papa John's website. ECF No. 1, at ¶ 41.

    i. Plaintiff averaged 2.5 deliveries per hour while working as a Delivery Driver, with the typical delivery mileage per round trip estimated at 16 miles. *Id.* at ¶ 42–43.

    j. Pursuant to 29 C.F.R. § 531.35, Plaintiff "kicked back" to Defendant an amount sufficient to cause minimum wage violations because Plaintiff incurred

unreimbursed automobile and other job expenses causing the gross hourly wage to fall below the applicable minimum wage. *Id.* at ¶ 44–46.

      k.  Defendant willfully violated the provisions of 29. U.S.C. §§ 206 and 207 by employing employees engaged in commerce at an hourly rate less than the federal minimum wage and by failing to pay one and one-half (1.5) times regular wages for all hours worked over forty (40) in a week. ECF No. 1, at ¶¶ 26–41, 44–49, 65–70.

27.    With this Motion, Plaintiff submits the following exhibits: Declaration of Sanjuana Quiroz (Exhibit 1), Damages Calculations (Exhibit 2), and Declaration of Josh Sanford (Exhibit 3). Plaintiff also files herewith and incorporates herein a Brief in Support of her Second Motion for Default Judgment.

WHEREFORE, premises considered, Plaintiff Sanjuana Quiroz respectfully requests that Plaintiff's Second Motion for Default Judgment Against Defendant be granted in full; judgment be entered in favor of Plaintiff against Defendant, finding that Defendant violated the provisions of the Fair Labor Standards Act as alleged in Plaintiff's Complaint; said judgment be in the amount of $20,192.00 to Sanjuana Quiroz for back wages and liquidated damages owed, and award Plaintiff's counsel $8,892.26 for attorney's fees and costs; and for all other good and proper relief to which Plaintiff may be entitled, whether or not specifically requested herein.

Respectfully submitted,

**SANJUANA QUIROZ, Individually
and on Behalf of All Others
Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (800) 615-4946
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com