IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO
LAS CRUCES DIVISION

**SANJUANA QUIROZ, Individually and on**        **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.        No. 2:21-cv-1197-KRS-DLM

**DCT ENTERPRISES OF NEW MEXICO, LLC**        **DEFENDANT**

### BRIEF IN SUPPORT OF SECOND MOTION FOR DEFAULT JUDGEMENT

Plaintiff Sanjuana Quiroz ("Plaintiff") is entitled by operation of law to a judgment by default against Defendant DCT Enterprises of New Mexico, LLC ("Defendant"), as a result of Defendant's failure to file any responsive pleading herein within the time allowed by the Federal Rules of Civil Procedure. As is more fully set forth herein below, Plaintiff has alleged facts that establish a basis for her claims relating to violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA") and liquidated damages. Also, as more fully set forth herein below, Plaintiff has established that she is entitled to damages in a total amount to be determined after a hearing on this matter[1], but which will include at a minimum $10,096.00 for unpaid minimum wages and unpaid overtime wages (and an equal amount in liquidated damages) and an award of her Court costs and a reasonable attorney's fee.

---

[1]      In lieu of the hearing contemplated in the preceding paragraph, Plaintiff has submitted a sworn declaration regarding her uncompensated minimum wage and overtime violations that are in line with the allegations made in the Complaint.

Page 1 of 9
Sanjuana Quiroz, et al. v. DCT Enterprises of New Mexico, LLC
U.S.D.C. (D. N. Mexico) No. 2:21-cv-1197-KRS
Brief in Support of Second Motion for Default Judgment

## I.     PROCEDURAL BACKGROUND

On December 17, 2021, Plaintiff filed her Original Complaint—Collective Action against Defendant (ECF No. 1). On January 12, 2022, Plaintiff served her Original Complaint—Collective Action, along with a copy of the Summons issued herein, via personal service on Jeremy Roth, manager for Defendant, at 110 Coors Northwest, Albuquerque, New Mexico 87120, by an authorized process server (ECF No. 3).

Pursuant to Fed. R. Civ. P. 55, Defendant was required to file an Answer or a Motion to Dismiss no later than February 2, 2022. Defendant failed to timely serve or file any responsive pleading whatsoever, and on June 14, 2022, the Clerk entered a default against Defendant as mandated by Rule 55(a) of the Federal Rules of Civil Procedure (ECF No. 6).

On August 22, 2022, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, Plaintiff requested that this Court enter default judgment against Defendant. This Court denied Plaintiffs request on February 3, 2023 and ordered Plaintiff to show cause by February 28, 2023, as to why the case should not be dismissed for failure to timely serve Defendant in compliance with Rule 4(m) of the Federal Rules of Civil Procedure (ECF No. 12). Plaintiff filed her Response to Order to Show Cause, ECF No. 12, on April 27, 2023 (ECF No 18).

This Court found Plaintiff's Response to Order to Show Cause, ECF No. 12, as sufficient to Order Quashing Order to Show Cause (ECF dated May 5, 2023). Per this Court's permission, Plaintiff is now filing a second motion requesting that this Court enter default judgment against Defendant as set forth herein below.

Page 2 of 9
Sanjuana Quiroz, et al. v. DCT Enterprises of New Mexico, LLC
U.S.D.C. (D. N. Mexico) No. 2:21-cv-1197-KRS
Brief in Support of Second Motion for Default Judgment

## II. DEFAULT JUDGMENT STANDARD

Pursuant to Rule 55 of the Federal Rules of Civil Procedure, following the entry of a party's default by the clerk, the Court may enter a default judgment against the defaulting party upon application by the non-defaulting party. Fed. R. Civ. P. 55. When entering a default judgment, the Court takes the facts alleged in the non-defaulting party's complaint as true. *Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010) ("It is axiomatic that when a default judgment is entered, facts alleged in the complaint may not be later contested."), *see also Tripodi v. Welch*, 810 F.3d 761, 764 (10th Cir. 2016) ("After a default judgment is handed down, a defendant admits to a complaint's well-pleaded facts and forfeits his or her ability to contest those facts."). Where the claim is for an indefinite or uncertain amount of damages, facts relating to the amount of damages must be proved in a supplemental hearing or proceedings[2]. *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818 (8th Cir. 2001); *see also Stewart v. Stoller*, 2014 U.S. Dist. LEXIS 141126, *16 (D. Utah 2014) ("[W]hile a plaintiff cannot recover damages that are speculative, an injured party is not required to prove damages with absolute certainty."; quotation omitted).

## III. BRIEF FACTUAL BACKGROUND

As noted above, on motion for default judgment, the factual allegations contained in Plaintiff's Original Complaint—Collective Action must be taken as true. Plaintiff is a former employee of Defendant, working as an hourly-paid Delivery Driver at times during the three years preceding the filing of her Original Complaint—Collective Action. Original Complaint—Collective Action ("OC") at ¶¶ 15–16, ECF No. 1. Defendant is a Kansas,

---

[2] *See supra* note 1, at 1.

Page 3 of 9
Sanjuana Quiroz, et al. v. DCT Enterprises of New Mexico, LLC
U.S.D.C. (D. N. Mexico) No. 2:21-cv-1197-KRS
Brief in Support of Second Motion for Default Judgment

limited liability company, registered and licensed to do business in the State of New Mexico, that operates Papa John's franchises in New Mexico and has employees handling or otherwise working on goods or materials that have been moved in or produced for commerce by others. *Id.* at ¶¶ 5, 9, 12–14. Defendant's annual gross volume of sales made or business done during each of the three years preceding the filing of the Complaint was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated). *Id.* at ¶ 13. Defendant controls the day-to-day operations such that it is liable to Plaintiff as an employer under the FLSA. *Id.* at ¶¶ 18, 22.

It was Defendant's policy to classify its Delivery Drivers as nonexempt from the overtime provisions of the FLSA. OC at ¶ 20, ECF No. 1. Defendant required all Delivery Drivers at Defendant's restaurants to work "dual jobs" as Delivery Drivers where they delivered food and received tips, and they also worked inside the store completing nontipped duties. *Id.* at ¶ 24. While working in the store, Defendant paid Plaintiff and other Delivery Drivers a rate at or close to the minimum wage for work performed while in the store. *Id.* at ¶ 25. Defendant facilitated this scheme by requiring Plaintiff and other Delivery Drivers to "clock out" from working inside the store and "clock in" as making deliveries when leaving the restaurant to make deliveries, thereby changing their hourly pay rate. *Id.* at ¶ 27.

Defendant charges its customers a delivery fee separate from the food charge, but the delivery fee is not paid to the driver by Defendant's own admission on its website. *Id.* at ¶ 41. Yet, Defendant requires Plaintiff and other Delivery Drivers to maintain operable, safe, and legally compliant automobiles for use in making deliveries thereby incurring job-related expenses such as gasoline, regular repairs, insurance, financing, and other

Page 4 of 9
Sanjuana Quiroz, et al. v. DCT Enterprises of New Mexico, LLC
U.S.D.C. (D. N. Mexico) No. 2:21-cv-1197-KRS
Brief in Support of Second Motion for Default Judgment

necessary expenses to complete their duties, but Defendant does not track or reimburse Delivery Drivers for these costs. OC at ¶¶ 28–35, ECF No. 1. Plaintiff and other Delivery Drivers would complete two or three deliveries per hour at an average of sixteen (16) miles round trip. *Id.* at ¶¶ 42–43.

As a result of this pay scheme and attendant employment requirements, while making deliveries to customers on Defendant's behalf, Defendant paid Plaintiff and other Delivery Drivers less than minimum wage for all hours worked outside of the restaurant. Defendant relied on the "tip credit" provision of the FLSA pursuant to 29 U.S.C § 203(m) to supplement wages to Plaintiff and other Delivery Drivers while they worked in that role. *Id.* at ¶ 26. However, the tipped wages were insufficient to offset the attendant costs incurred by Plaintiff and other Delivery Drivers—approximately $23.20 per hour in costs incurred by Plaintiff—that directly benefited Defendant in the form of a "kickback." *Id.* at ¶¶ 44–45.

The United States District Court for New Mexico has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA. OC at ¶ 4, ECF No. 1. The acts complained of in Plaintiff's Original Complaint—Collective Action were committed and had their principal effect against Plaintiff within the Southern Division of the District of New Mexico; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391. *Id.* at ¶ 7.

## IV.   ARGUMENT

Plaintiff has established that Defendant violated the overtime provisions of the FLSA with respect to its Delivery Drivers, and she is entitled to damages for all of her unpaid minimum wages and unpaid overtime compensation. Specifically, because of

Page 5 of 9
Sanjuana Quiroz, et al. v. DCT Enterprises of New Mexico, LLC
U.S.D.C. (D. N. Mexico) No. 2:21-cv-1197-KRS
Brief in Support of Second Motion for Default Judgment

Defendant's failure to include what it received from Plaintiff in the form of a "kickback" for the unreimbursed usage of Plaintiff's automobile, Defendant did not provide sufficient pay to meet the minimum wage requirement of the FLSA. Further, Defendant did not pay Plaintiff at a rate of one and one-half times her regular rate for all hours worked over forty (40) hours per week because Defendant failed to include in the regular rate the minimum wages it unlawfully failed to pay to Plaintiff. Because Defendant violated the overtime provisions of the FLSA, Plaintiff is entitled to damages for all unpaid overtime compensation.

29 U.S.C. §§ 206 and 207 requires employers to pay employees a minimum wage for all hours worked up to forty (40) each week and to pay one and one-half times the employee's regular rate for all hours that the employee works in excess of forty (40) per week. 29 U.S.C. §§ 206–07. Plaintiff occasionally worked in excess of forty (40) hours per week during her tenure with Defendant. OC ¶¶ 46–47, ECF No. 1. Consequently, at no point during Plaintiff's employment with Defendant did Defendant pay Plaintiff the required minimum wage or one and one-half times her regular rate for hours in excess of forty (40) per week when she worked as a Delivery Driver due to unreimbursed expenses. *Id.* This is a violation of the overtime provisions of the FLSA, 29 U.S.C. § 201 *et seq.*

"An employee who brings suit under [29 U.S.C. § 216(b)] of the [FLSA] for unpaid minimum wages or unpaid overtime compensation, together with liquidated damages, has the burden of proving that he performed work for which he was not properly compensated." *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686–687 (1946). However, based on the purposes of the FLSA, the employee's burden of proof is relaxed where the employer has failed to keep accurate records containing the information

Page 6 of 9
Sanjuana Quiroz, et al. v. DCT Enterprises of New Mexico, LLC
U.S.D.C. (D. N. Mexico) No. 2:21-cv-1197-KRS
Brief in Support of Second Motion for Default Judgment

required under the FLSA. *Id*. at 687–688.

Plaintiff has established that Defendant violated the overtime provisions of the FLSA. Therefore, Plaintiff is entitled to damages for all unpaid minimum wages and unpaid overtime compensation within the statute of limitations. Plaintiff requests that a hearing be scheduled so testimony may be taken on the number of uncompensated minimum wage and overtime hours worked by Plaintiff during the statute of limitations period and damages may then be calculated at her varying overtime rates.[3]

Further, Plaintiff is entitled to liquidated damages regarding her minimum wage and overtime judgment. When an employer is found to have violated the minimum wage and overtime payment requirements of the FLSA, the employer "shall be liable" to the employee for liquidated damages in an amount equal to the amount of minimum wage and overtime compensation owed. 29 U.S.C. § 216. Liquidated damages are not penal in nature but represent compensation to the employee for otherwise obscure and difficult to prove damages. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945).

Subject to the discretion of the Court, an employer may be wholly or partially relieved of its duty to pay liquidated damages *only if the employer proves* "that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act." 29 U.S.C. § 260. An employer who violates the FLSA carries the burden of proving its claim of good faith and reasonable grounds, and the employer must show that it acted in both objective and subjective good faith, which requires that an employer demonstrate that it "took affirmative steps to ascertain the [FLSA's] requirements but nonetheless

---

[3] *See supra* note 1, at 1.

Page 7 of 9
Sanjuana Quiroz, et al. v. DCT Enterprises of New Mexico, LLC
U.S.D.C. (D. N. Mexico) No. 2:21-cv-1197-KRS
Brief in Support of Second Motion for Default Judgment

violated its provisions." *Martin v. Ind. Mich. Power Co.*, 381 F.3d 574, 584 (6th Cir. 2004); *Rodriguez v. Farm Stores Grocery, Inc.*, 518 F.3d 1259, 1272 (11th Cir. 2008). Liquidated damages are "the norm" where an FLSA violation is found. *Id*. Whether to award liquidated damages is a question for the Court, not the jury. *Kanatzer v. Dolgencorp. Inc.*, 2010 U.S. Dist. LEXIS 67798 at *24 (E.D. Mo. July 8, 2010).

The FLSA directs that liquidated damages in an amount equal to any judgment awarded on a minimum wage or overtime pay violation claim be awarded if the employer fails to carry its burden of proving that it acted in good faith and with reasonable grounds for violating the FLSA. 29 U.S.C. § 216. Because Defendant failed to meet its burden of proving that it acted in objective and subjective good faith, Plaintiff should be awarded liquidated damages equal to any amount of unpaid minimum wage or overtime awarded at a subsequent hearing. (*But see* footnotes 1–3, above.)

In addition, the FLSA mandates that an employee who is awarded damages against his or her employer for minimum wage or overtime violations of the FLSA be awarded a reasonable attorney's fee and costs incurred in having pursued the case. Specifically, 29 U.S.C. § 216(b) states that a Court "*shall*, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fees to be paid by the defendant, and costs of the action." (emphasis added). Plaintiff requests that this Court accept the amounts of costs and attorney's fees incurred by Plaintiff as set forth in the Declaration attached as Exhibit 3 to the Motion.

For the reasons given above, Plaintiff's Motion for Default Judgment should be granted in its entirety. The Court should enter judgment against Defendant, as set forth herein above, and schedule a hearing where Plaintiff may present for damages, as set

Page 8 of 9
Sanjuana Quiroz, et al. v. DCT Enterprises of New Mexico, LLC
U.S.D.C. (D. N. Mexico) No. 2:21-cv-1197-KRS
Brief in Support of Second Motion for Default Judgment

forth herein above, unless the Court would prefer to rule based on the submitted sworn statement attesting to the damages alleged in the Complaint.

                              Respectfully submitted,

                              **SANJUANA QUIROZ, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

                              SANFORD LAW FIRM, PLLC
                              Kirkpatrick Plaza
                              10800 Financial Centre Pkwy, Suite 510
                              Little Rock, Arkansas 72211
                              Telephone: (800) 615-4946
                              Facsimile: (888) 787-2040

                              */s/ Josh Sanford*
                              Josh Sanford
                              Ark. Bar No. 2001037
                              josh@sanfordlawfirm.com

Page 9 of 9
Sanjuana Quiroz, et al. v. DCT Enterprises of New Mexico, LLC
U.S.D.C. (D. N. Mexico) No. 2:21-cv-1197-KRS
Brief in Support of Second Motion for Default Judgment