**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

SANJUANA QUIROZ, Individually and on
Behalf of All Others Similarly Situated,

      Plaintiff,

v.                                                                                                          No. 2:21-cv-01197-MIS-KRS

DCT ENTERPRISES OF NEW MEXICO, LLC,

      Defendant.

**ORDER SETTING HEARING ON PLAINTIFF'S
<u>SECOND MOTION FOR DEFAULT JUDGMENT</u>**

**THIS MATTER** is before the Court on Plaintiff's Second Motion for Default Judgment ("Motion"), ECF No. 20, filed August 3, 2023 ("Motion").  The Court will hold a hearing on the Motion on **October 11, 2023, at 1:30 p.m.** in the **Guadalupe Courtroom at the United States Courthouse, 100 N. Church Street, Las Cruces, NM, 88001.**

At the hearing, the Court will hear oral argument on Plaintiff's Motion for Default Judgment and give Plaintiff an opportunity to present evidence supporting her claim for damages. Specifically, Plaintiff shall be prepared to present argument and evidence bearing on:

(i)    the applicable hourly rate(s) at which Plaintiff was paid for her work as a delivery driver and weekly totals of tips she received;

(ii)   the applicable hourly rate(s) at which Plaintiff was paid for her work inside Defendant's store;

(iii)  the applicable minimum wage(s) for the time periods corresponding to the minimum wage and/or overtime violations alleged by Plaintiff;

1

(iv) whether Plaintiff's wage rate(s) fell below the applicable statutory minimum(s) notwithstanding Defendant's alleged policy of not reimbursing delivery drivers for their job-related expenses[1];

(v) how frequently Plaintiff worked hours in excess of 40 during a work week, and by how many hours Plaintiff worked in excess of 40 hours per week.

Should any attorneys, party, or party representative wish to appear via Zoom, they shall file a motion requesting the Court's leave to appear via Zoom.

*Margaret Strickland*
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE

---

[1] The Complaint contains seemingly contradictory allegations concerning whether Plaintiff's wage rate fell below the statutory minimum notwithstanding Defendant's policy of not reimbursing delivery drivers for their job-related expenses. For example, at paragraph 39 of the Complaint, Plaintiff alleges that "[a]ll of Defendant's Delivery Drivers . . . were paid less than the applicable minimum wage rate before deducting unreimbursed vehicle costs," but at paragraph 44 of the Complaint, Plaintiff alleges that "Defendant paid Plaintiff and other Delivery Drivers a gross hourly rate at or around the applicable minimum wage." See ECF No. 1 ¶¶ 39, 44.